```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

```
CURTIS ADAMS,                     §
                                  §
         Plaintiff,               §
                                  §
v.                                §   CIVIL ACTION NO. H-07-0830
                                  §
DaVITA DIALYSIS CENTER, et al.,   §
                                  §
         Defendants.              §
```

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Curtis Adams has filed a suit pursuant to 42 U.S.C. § 1983 against DaVita Dialysis Center and Debra Brown, a social worker. Although his pleadings are not entirely clear, it is apparent Adams is a dialysis patient who has been receiving treatment from DaVita since 2002.

In 2006 Adams filed a civil suit against the Aransas County Navigation District and several individuals over a damaged fishing vessel. The suit was later dismissed after a settlement was reached. Adams v. Aransas County Navigation District, et al., No. H-06-1587 (S.D. Tex. Aug. 9, 2006). Early this year Adams received notice that he was being discharged from DaVita. He has also been notified that other centers have refused to take him as a patient. Adams believes that someone placed false information in

his medical records in retaliation for filing the earlier lawsuit. He requests that this court issue an injunction prohibiting DaVita from discharging him.

Adams has failed to show that the alleged wrongs are attributable to state action. To state a claim under § 1983, the plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law. Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994). There is no cause of action if the plaintiff does not show that the alleged deprivation is fairly attributable to the state's involvement. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). DaVita, a private corporation, and Brown, an employee, are not state actors and cannot be held liable. See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743 (5th Cir. 2001).

Adams may seek redress in an appropriate state court. This civil rights action, which has been filed without advance payment of the filing fee, will be dismissed because it has no legal basis. 28 U.S.C. § 1915(e).

## Conclusion

1. The plaintiff's motions to stop discharge (Docket Entry Nos. 4 and 6) are **DENIED**.

2.  The civil rights complaint, filed by Curtis Adams, is **DISMISSED** as legally baseless.  28 U.S.C. § 1915(e).

**SIGNED** at Houston, Texas, on this 16th day of March, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE